Errol C. O'BRIEN, Plaintiff,

v.

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ILLINOIS; Mary Robinson, Individually and as Administrator of the Supreme Court of Illinois; and Jay Janssen, Benedict Schwarz, John Kujawski,[1] James McDonough, Patricia Bobb, Donn Bailey, and Brian McFadden, each sued in his or her capacity as Commissioner for the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois and Not Individually, Defendants.

No. 00–3285.

United States District Court,
C.D. Illinois,
Springfield Division.

May 16, 2001.

1. The Honorable Michael Reagan (sued herein as Michael Regan), a former commissioner of the ARDC, became a United States District Judge for the Southern District of Illinois prior to the filing of this action. John Kujawski was appointed by the Illinois Supreme Court as Judge Reagan's successor as commissioner and is substituted automatically as a defendant in this matter pursuant to Fed. R.Civ.P. 25(d)(1).

Errol C. O'Brien, Lockport, IL, pro se.

Rosalyn B. Kaplan, Ill. Atty. Registration & Disciplinary Com'n, Chicago, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge.

May Plaintiff maintain a civil rights action seeking tens of millions of dollars for the ARDC's failure after a lengthy investigation to continue to process his complaint against certain attorneys?

Not in this Court.

Defendants' motion to dismiss for lack of subject matter jurisdiction is ALLOWED.

## I. FACTS ALLEGED IN THE COMPLAINT

Plaintiff Errol C. O'Brien brings this *pro se* action alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. The Defendants include the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC"). Another Defendant is Mary Robinson who is sued individually and in her capacity as Administrator of the ARDC. The other Defendants include Jay Janssen, Benedict Schwarz, John Kujawski, James McDonough, Patricia Bobb, Donn Bailey and Brian McFadden, all of whom are sued solely in their official capacities as Commissioners for the ARDC.

The complaint alleges that between January 1992 and March 1997, charges were filed with Defendants ARDC and Robinson against various attorneys licensed to practice law in the State of Illinois including but not limited to Michael Daley, Jack George, William Daley, Richard M. Daley, the Law Firm of Daley and George, Steve Hanson, John J. Jiganti, Donald Johnson, David Stein and Gerald Kalish. The ARDC indicated that pursuant to its rules, it conducted an investigation of the aforementioned attorneys for five years which included a hearing in 1996 before a panel of the Inquiry Board. Plaintiff was eventually informed by Scott Renfroe, Senior Counsel of the ARDC, that the investigation was closed and that formal charges would not be filed against any of the attorneys.

Plaintiff next alleges that "[a]dditional actions were taken by the employees of the ARDC and the Plaintiff filed charges at the ARDC against the Defendant Mary Robinson and two additional ARDC staff attorneys being Scott Renfroe and James J. Grogan." Plaintiff's request that the Illinois Supreme Court appoint a "special investigator" to look into these charges was denied. Plaintiff seems to allege that the Illinois Supreme Court did not have jurisdiction to deny this motion.[2]

The complaint next alleges that Defendant Robinson while acting individually and in her capacity as Administrator of the ARDC directed ARDC employees not to give the charges case numbers. Moreover, she exceeded her capacity in individually making the decision that the three charges against herself and employees of the ARDC acting under her direction and control would be handled internally and that nothing else would be done. Additionally, Plaintiff alleges that because of Robinson's personal interest in the outcome of the charges, she had a conflict of interest. Plaintiff contends that this violated his substantive due process rights pursuant to the Fourteenth Amendment to have his complaints reviewed by an impartial administrator.

**2.** The complaint states "[i]t is obvious the charges were part of the Motion and were not themselves individually filed which does not give to the Illinois Supreme Court Jurisdiction to grant a motion on unfilled charges." The Court is not certain what Plaintiff is alleging.

The complaint further alleges that the other individual Defendants, as commissioners, and Defendant ARDC have ratified and adopted the decision of their Administrator by refusing to overturn said decision and willfully allowing it to stand, thereby allowing the continued violation of Plaintiff's civil rights. Plaintiff alleges that the investigation was principally conducted by ARDC Senior Counsel Scott Renfroe, who improperly advised the Inquiry Board as to its duties. Moreover, the complaint alleges that due to the improper advice, the board conducted a "Mini Trial" specifically forbidden by the Rules.

Plaintiff has alleged four counts. Count I is entitled "Compensatory Damages" and seeks $27,450,000.00 in damages. Count II is entitled "Nominal Damages" and seeks the sum of $10.00 in damages. Count III is entitled "Punitive Damages" and seeks the sum of $1,000,000.00. Count IV is entitled "Compensatory Damages Sec. William Daley Charge" and seeks the sum of $27,450,000.00.[3] Defendants have waived service of process and filed the instant motion. Plaintiff has failed to file a response to the motion in violation of Local Rule 7.1(B)(1).

## II. LEGAL STANDARD FOR MOTIONS TO DISMISS

■ In ruling on a motion to dismiss, the Court "must accept wellpleaded allegations of the complaint as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal

theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984). Mere conclusions, without supporting factual allegations, are insufficient to support a claim for relief. *See Cohen v. Illinois Inst. of Tech.*, 581 F.2d 658, 663 (7th Cir. 1978). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Moreover, a pro se complaint, "however inartfully pleaded," must be liberally construed and held to less stringent standards than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, even under this lenient standard, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), aff'd, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

## III. ANALYSIS

The Court will first attempt to ascertain the particular constitutional violation which Plaintiff asserts. Plaintiff appears to be alleging a violation of his due process rights pursuant to the Fourteenth Amendment for the Illinois Supreme Court's sanctioning of Defendants' alleged failure to continue to pursue Plaintiff's grievances regarding certain attorneys. Moreover, he appears to allege that the Illinois Supreme Court's denial of his motion for a supervisory order in which he asked that court to appoint a "special independent administrator" to investigate the conduct of Defendant Robinson and her subordinates in connection with their participation in various aspects of his griev-

---

**3.** Plaintiff is apparently seeking damages totaling $55,900,010.00.

ance also violated his civil rights. Defendants have moved that the complaint be dismissed for the following reasons: (1) Plaintiff lacks standing to bring this action; (2) Plaintiff's complaint is barred by the *Rooker–Feldman* doctrine; (3) the ARDC and each Defendant sued in his or her individual capacity are immune from suit pursuant to the Eleventh Amendment; (4) Defendant Robinson in her individual capacity is absolutely immune from suit on the basis of prosecutorial immunity, or alternatively, is protected by qualified immunity; and (5) Plaintiff has failed to state a claim upon which relief may be granted.

■ The Court will first address whether it lacks jurisdiction pursuant to the *Rooker–Feldman* doctrine. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the Supreme Court held that federal district courts lack jurisdiction to "entertain a proceeding to reverse or modify" a state court judgment. *See id.* at 416, 44 S.Ct. 149. It is settled that except in rare instances not applicable here, only the United States Supreme Court has the subject matter jurisdiction to review the judgments of state supreme courts. 28 U.S.C. § 1257; *see Rooker*, 263 U.S. at 416, 44 S.Ct. 149. The Supreme Court subsequently held that a district court has "no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Court has indicated that the *Rooker–Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). The two-part test of the *Rooker–Feldman* doc-

trine involves (1) whether the proceedings in state court were judicial proceedings; and (2) whether the federal claims are so "inextricably intertwined" with those proceedings so as to make review of the claims an impermissible review of state judicial proceedings. *See Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 597 (7th Cir.1992), *cert. denied*, 508 U.S. 941, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993).

■ The first prong of the *Rooker–Feldman* test has been met. *See id.* at 597 (noting that attorney disciplinary proceedings are judicial in nature). Plaintiff's complaint indicates that the ARDC conducted a five year investigation of the attorneys about which he had complained. Moreover, a hearing was conducted in connection with the investigation in 1996 before a panel of the Inquiry Board. The ARDC concluded that it would not file any charges against the attorneys. On May 11, 1998, Plaintiff's motion to further process his complaint against certain attorneys was denied by the Illinois Supreme Court. Plaintiff continued to pursue the matter, filing a motion for a supervisory order in petitioning for the appointment of an Independent Administrator for the ARDC. The Illinois Supreme Court denied this request on April 27, 2000. Plaintiff continued to seek relief but was advised by the ARDC that it would take no further action in September 2000. He then filed the instant complaint. Plaintiff's complaint involves only the investigation of certain attorneys and his complaints about how the matter was handled. Such proceedings are judicial in nature. *See Leaf*, 979 F.2d at 597; *Greening v. Moran*, 953 F.2d 301, 304–05 (7th Cir.), *cert. denied*, 506 U.S. 824, 113 S.Ct. 77, 121 L.Ed.2d 42 (1992); *Feldman*, 460 U.S. at 477–79, 103 S.Ct. 1303. Therefore, the first prong of the *Rooker–Feldman* test has been met.

The Court will now consider whether the relief that Plaintiff seeks is "inextricably intertwined" with the previous determinations at the State level. This Court would then be placed in the position of reviewing the judgment of state courts, a practice which is not permitted. *See Feldman,* 460 U.S. at 483, 103 S.Ct. 1303. The crucial inquiry is whether "the district court is in essence being called upon to review the state-court decision." *Ritter v. Ross,* 992 F.2d 750, 754 (7th Cir.1993), quoting *Feldman,* 460 U.S. at 483–84 n. 16, 103 S.Ct. 1303. Here, it is clear that the relief sought by Plaintiff is "inextricably intertwined" with the previous determinations in this case denying the requested relief. Plaintiff's complaint indicates that he is asking this Court to revisit the issues already decided by the ARDC and the Illinois Supreme Court—under the guise of a § 1983 action. The complaint is essentially based on his contention that the investigation was not properly conducted. Thus, because granting the relief sought would essentially require invalidating the previous decisions of the ARDC and the Illinois Supreme Court, Plaintiff's current claim is "inextricably intertwined" with those determinations. *See Landers Seed Co., Inc. v. Champaign Nat'l Bank,* 15 F.3d 729, 733 (7th Cir.1994). This Court does not have subject matter jurisdiction to review those decisions.

Plaintiff is essentially attempting to invalidate prior judgments in the instant action. However, "a plaintiff may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter,* 992 F.2d at 754. Here, that is all that Plaintiff is attempting to do. Plaintiff is seeking an award of tens of millions of dollars [4] pursuant to § 1983 based on his apparent belief

that the ARDC's investigation yielded the wrong result and that it did not continue until the desired result was obtained. Thus, Plaintiff is seeking appellate review in this Court of the judgments of the Illinois Supreme Court based on his contention that those judgments violated his civil rights. The *Rooker–Feldman* doctrine bars this Court from conducting such a review. 28 U.S.C. § 1257; *see Johnson,* 512 U.S. at 1005–06, 114 S.Ct. 2647.

Because the claim Plaintiff makes and his requested relief are "inextricably intertwined" with earlier judgments of the Illinois Supreme Court, this Court does not have subject matter jurisdiction over his complaint. The Court will therefore allow Defendants' motion to dismiss pursuant to Fed.R.Civ.P 12(b)(1).

Having determined that the *Rooker–Feldman* doctrine bars this Court from exercising subject matter jurisdiction, it will not address Defendants' other proffered bases for dismissing the complaint.

*Ergo,* Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is ALLOWED. This cause is DISMISSED WITH PREJUDICE. CASE CLOSED.

---

4. The Court is uncertain as to how Plaintiff has arrived at his apparent damages figure of $55,900,010.00.